IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PATRICK ROBINSON,

      Plaintiff,

v.                                                           Civil Action No. 5:09cv64
                                                            (Judge Stamp)

CECELIA JANISZEWSKI, et al.,

      Defendants.

**OPINION/REPORT AND RECOMMENDATION**

**I.   Procedural History**

The *pro se* plaintiff initiated this civil rights action against the above-named defendants on June 15, 2009. Dckt 1. The plaintiff was granted permission to proceed as a pauper on July 8, 2009, and paid his initial partial filing fee on July 20, 2009. Dckt. 9 & 11.

On September 15, 2009, the undersigned conducted a preliminary review of the file and determined that the plaintiff had not exhausted his administrative remedies. Dckt. 12. However, because the plaintiff argued that the defendants hindered, prevented or otherwise caused his failure to exhaust, and because exhaustion is an affirmative defense, the Court instructed the Clerk to issue summonses to the defendants and for service of process to be effected by the United States Marshal Service. *Id.* The defendants were then directed to answer the complaint on the limited issue of exhaustion. *Id.*

On October 9, 2009, James Spencer and the unknown named employees of the Regional Jail Authority filed a Motion to Dismiss the complaint for the failure to exhaust. Dckt. 19. Defendant Janiszewski filed a similar motion on October 12, 2009. Dckt. 21.

Because the plaintiff is proceeding *pro se*, the Court issued a <u>Roseboro</u> Notice on November 5, 2009. Dckt. 24. The plaintiff filed a traverse on November 23, 2009. Dckt.

This case is before the undersigned for a report and recommendation on the defendants' pending motions.

## II. Contentions of the Parties

### A. The Complaint

In the complaint, the plaintiff asserts that while incarcerated at the Northern Regional Jail, he suffered the following violations of his constitutional rights:

(1) due process;

(2) Privacy Act violations;

(3) retaliation;

(4) inadequate medical care, housing, files and treatment; and

(5) cruel and unusual punishment.

The plaintiff seeks injunctive, declaratory, compensatory, punitive and mental and emotional relief. However, he concedes in his complaint that he has not exhausted his administrative remedies with regard to his claims. Nonetheless, the plaintiff asserts that the defendants botched, denied, ignored, interfered, neglected, negligently handled, not answered, refused, ruined, thwarted and discouraged his attempts to exhaust.

### B. The Defendants' Motions

#### 1. Defendant Spencer and Other Employees of the Regional Jail Authority

In their motion to dismiss, defendant Spencer and the other employees of the Regional Jail Authority assert that the plaintiff has not filed any grievances related to the claims raised in the complaint. In support of their motion, the defendants file an affidavit by defendant Spencer and John L. King, Chief of Operations for the West Virginia Regional Jail and Correctional Facility Authority. The defendants do not, however, address the plaintiff's claims that his attempts to exhaust were

thwarted or otherwise prevented by Regional Jail employees.

    2. <u>Defendant Janiszewski</u>

In her motion, defendant Janiszewski adopts the affidavits of defendant Spencer and Mr. King in support of her claim that the plaintiff has failed to exhaust administrative remedies. In addition, defendant Janiszewski provides her own affidavit in which she asserts that the plaintiff's medical chart contains no copies of any grievance related to a medical issue or any other issue. In addition, defendant Janiszewski asserts that the inmate log of grievances shows that at no time did the plaintiff file any grievance during his time at the Northern Regional Jail. Defendant Janiszewski further states that she has never discarded any grievance from any inmate.

**C.** **The Plaintiff's Traverse**

In his response to the defendants' motions, the plaintiff asserts that during his stay at the Northern Regional Jail, he attempted to file at least sixteen different grievances concerning the claims raised in the complaint, at the various administrative levels. The plaintiff asserts that he submitted some grievances directly to defendant Janiszewski and other employees of the Regional Jail system and other grievances through the jail's internal mail system. The plaintiff asserts that those grievances have gone unanswered. The plaintiff asserts that defendant Janiszewski's affidavit is blatantly false. He further asserts that he grieved these issues to John King and Terry Miller (Executive Director of the Regional Jail System).

The plaintiff also suggests that despite whatever procedures are normally taken for logging in inmate grievances, those steps were not taken in his case. He asserts that his case should proceed on the merits because he attempted to exhaust his administrative remedies, but those remedies were not "available" to him. The plaintiff also suggests that Mr. King's affidavit is directly contradicted by an administrative response Mr. King sent to him on October 29, 2008, and the plaintiff attaches

a copy of that response. The plaintiff also provides the Court with a verified affidavit, signed under the penalty of perjury, in support of the contentions made in his traverse.

### III. Standards of Review

**A. Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but "must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id*. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." *Id.* Therefore, in order for a complaint to survive dismissal for failure to state

4

a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, adopted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. *Id.*

**B.  Motion for Summary Judgment**

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving

5

party must present specific facts showing the existence of a genuine issue for trial. *Id.* This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson at 256. The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment. *Id.* at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, at 587 (citation omitted).

## IV.　Analysis

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001).

The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes"[1] and is required even when the relief sought is not available. Booth at 741. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. See Porter v. Nussle, 534 U.S. 516, 524 (2002) (citing Booth at 741) (emphasis added). In addition, the Supreme Court has stated that "we will not read *futility* or other exceptions into statutory exhaustion requirements . . ." See Booth at 741, n. 6 (emphasis added).

In Woodford v. Ngo, 548 U.S. 81, 89 (2006), the United States Supreme Court found that the PLRA's exhaustion requirement serves three main purposes: (1) to "eliminate unwarranted

---

[1] Porter at 524.

6

federal court interference with the administration of prisons"; (2) to "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case"; and (3) to "reduce the quantity and improve the quality of prisoner suits." Therefore, "the PLRA exhaustion requirement requires *full* and *proper* exhaustion." Woodford, at 93 (emphasis added). Full and proper exhaustion includes meeting all the time and procedural requirements of the prison grievance system. *Id.* at 103.

For inmates housed in a West Virginia Regional Jail facility, the inmates must first file a Level One grievance with the Administrator on an inmate grievance form which is to be provided by jail personnel. If unsatisfied with the Level One decision, an inmate may proceed to Level Two by filing an appeal with the Chief of Operations. Such appeal must be filed, in writing, within five days of the receipt of the Administrator's decision and must include a copy of the initial complaint and the Administrator's decision. Within five (5) days of receipt of a Level Two decision, an inmate may request a review by the office of the Executive Director. The inmate must mail copies of the original Complaint and copies of all responses to the office of the Executive Director.

In this case, the plaintiff contends that he attempted to exhaust his administrative remedies on several occasions. The defendants contend that the plaintiff has not filed a single grievance with regard to his claims. Both sides have filed competing affidavits in support of their claims. However, the Plaintiff has not supplied the Court with a single copy of a grievance complaint or letter he claims to have filed in his attempts at exhaustion. His affidavit simply states conclusions, to wit: "I continue to file inmate request/grievance form and they some how get destroyed off file, and also never get response/disposition back to me hand to hand or communication." (DE 27 Exhibit D). To the contrary, the Defedants' affidavits clearly show that no grievances were filed by Plaintiff. On the one hand it would be easy for the Plaintiff to produce a copy of a submitted grievance if he,

federal court interference with the administration of prisons"; (2) to "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case"; and (3) to "reduce the quantity and improve the quality of prisoner suits." Therefore, "the PLRA exhaustion requirement requires *full* and *proper* exhaustion." Woodford, at 93 (emphasis added). Full and proper exhaustion includes meeting all the time and procedural requirements of the prison grievance system. *Id.* at 103.

For inmates housed in a West Virginia Regional Jail facility, the inmates must first file a Level One grievance with the Administrator on an inmate grievance form which is to be provided by jail personnel. If unsatisfied with the Level One decision, an inmate may proceed to Level Two by filing an appeal with the Chief of Operations. Such appeal must be filed, in writing, within five days of the receipt of the Administrator's decision and must include a copy of the initial complaint and the Administrator's decision. Within five (5) days of receipt of a Level Two decision, an inmate may request a review by the office of the Executive Director. The inmate must mail copies of the original Complaint and copies of all responses to the office of the Executive Director.

In this case, the plaintiff contends that he attempted to exhaust his administrative remedies on several occasions. The defendants contend that the plaintiff has not filed a single grievance with regard to his claims. Both sides have filed competing affidavits in support of their claims. However, the Plaintiff has not supplied the Court with a single copy of a grievance complaint or letter he claims to have filed in his attempts at exhaustion. His affidavit simply states conclusions, to wit: "I continue to file inmate request/grievance form and they some how get destroyed off file, and also never get response/disposition back to me hand to hand or communication." (DE 27 Exhibit D). To the contrary, the Defedants' affidavits clearly show that no grievances were filed by Plaintiff. On the one hand it would be easy for the Plaintiff to produce a copy of a submitted grievance if he,

in fact prepared and filed one. On the other hand, it is impossible for the Defendant's to prove the negative: that Plaintiff did not file any grievance because none exists. Accordingly, the undersigned concludes that Plaintiff did not exhaust his administrative remedies and there is no evidence to prove that the Defendant's interferred with or frustrated Plaintiff's exhaustion or attempts at exhaustion.

## V. Recommendation

In consideration of the foregoing, the undersigned recommends that the defendants' Motions to Dismiss, or in the Alternative, for Summary Judgment (dckt. 19 & 21) for the failure to exhaust administrative remedies be **GRANTED** and this civil action be dismissed without prejudice.

Within fourteen (14) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: December 16, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE