```
                IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

PATRICK ROBINSON,

    Plaintiff,

v.                                              Civil Action No. 5:09CV64
                                                           (STAMP)

CECELIA JANISZEWSKI,
Northern Regional Jail Medical Admin.,
Primecare Medical of West Virginia, Inc.,
JAMES SPENCER,
Northern Regional Jail Administrator,
UNKNOWN DEFENDANT DOCTOR,
Primecare Medical of West Virginia, Inc.,
UNKNOWN DEFENDANTS - NURSE NUMBERS 1-5,
Primecare Medical of West Virginia, Inc., and
UNKNOWN DEFENDANTS - CORRECTIONAL OFFICERS NUMBERS 1-2,
Northern Regional Jail & Correctional Facility,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE AND
DENYING AS MOOT LETTER MOTION TO APPOINT COUNSEL**

I. Background

The pro se[1] plaintiff, Patrick Robinson, commenced this civil action by filing a complaint pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), in which he alleges that the defendants violated his constitutional rights while he was incarcerated at the Northern Regional Jail. Specifically, the plaintiff alleges that he has suffered the following constitutional violations: (1) due process; (2) Privacy Act violations; (3)

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

retaliation; (4) inadequate medical care, housing, files and treatment; and (5) cruel and unusual punishment.

The case was referred to United States Magistrate Judge John S. Kaull for initial review and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.01 and 28 U.S.C. §§ 1915(e) and 1915A. The magistrate judge directed the defendants to answer the complaint on the limited issue of exhaustion. Thereafter, defendant James Spencer and all named unknown Regional Jail employees filed a joint motion to dismiss. Defendant Cecelia Janiszewski filed a separate motion to dismiss and alternative motion for summary judgment. The plaintiff filed a traverse to these motions.

On December 16, 2009, Magistrate Judge Kaull issued a report and recommendation recommending that defendant Spencer and the Regional Jail employees' motion to dismiss be granted; that defendant Janiszewski's motion to dismiss and alternative motion for summary judgment be granted; and that the plaintiff's complaint be dismissed without prejudice for failure to exhaust administrative remedies. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within fourteen days after being served with a copy of the magistrate judge's recommendation. The plaintiff filed timely objections. Thereafter, the plaintiff also filed a letter motion for appointment of counsel. For the reasons set forth below, this

Court affirms and adopts the magistrate judge's report and recommendation, and denies as moot the plaintiff's motion for appointment of counsel.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the plaintiff has filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

## III. Discussion

The magistrate judge recommended that this civil action be dismissed without prejudice because the plaintiff failed to exhaust his administrative remedies. The plaintiff concedes that he has not exhausted his administrative remedies, but instead, contends that the defendants have hindered, prevented, or otherwise caused his failure to exhaust.

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing an action "with respect to prison conditions" under 42 U.S.C. § 1983, or any other federal law, must first exhaust all administrative remedies. 42 U.S.C. § 1997e. Exhaustion under

§ 1997e is mandatory, Booth v. Churner, 532 U.S. 731, 741 (2001), and applies to "all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532 (2002). If failure to exhaust is apparent from the complaint, federal courts have the authority pursuant to 28 U.S.C. § 1915 to dismiss the case sua sponte. Anderson v. XYZ Correctional Health Servs., Inc., 407 F.3d 674, 682 (4th Cir. 2005). Actions brought pursuant to Bivens are subject to administrative exhaustion requirements of the PLRA. Porter, 534 U.S. at 524.

Inmates housed in a West Virginia Regional Jail facility must first file a Level One grievance with the Administrator on an inmate grievance form provided by jail personnel. If unsatisfied with the Level One decision, an inmate may then proceed to Level Two by filing an appeal with the Chief of Operations. This appeal must be filed within five days of receipt of the Administrator's decision and must include a copy of both the initial complaint and the Administrator's decision. If still unsatisfied after the Level Two decision, an inmate may request, within five days of receipt of the Level Two decision, a review by the office of the Executive Director.

Proper exhaustion of a PLRA or Bivens claim requires an inmate to file timely and procedurally sound administrative grievances in compliance with the administrative grievance process as outlined above. See Woodford v. Ngo, 548 U.S. 81, 90-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other

critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the cause of its proceedings.").

Here, the plaintiff contends that he attempted to exhaust his administrative remedies on several occasions, while the defendants allege that the plaintiff has not filed any grievances with regard to his claims. Both the plaintiff and the defendants have offered competing affidavits in support of their claims. Nevertheless, the plaintiff has failed to produce a single copy of a grievance complaint, and his contention that the defendants have hindered his ability to file such grievances constitutes nothing more than a general assertion unsupported by evidence.

Furthermore, this Court finds that the plaintiff's objections to the magistrate judge's report and recommendation lack merit. In these objections, the plaintiff contends that he provided this Court with a copy of a letter grievance addressed to John L. King, II, Chief of Operations of West Virginia Regional Jail and Correctional Facility Authority, and Terry Miller, Executive Director of the Regional Jail System, concerning the same grievances listed in his complaint. This Court finds this statement to be incorrect. While this Court acknowledges receipt of a copy of the letter, it also notes that the grievance letter discusses the plaintiff's former disciplinary proceedings, the use of drugs in the jail, and threats that he received from other inmates. The plaintiff's complaint, conversely, addresses

allegedly-made false statements, Privacy Act violations, retaliation, and inadequate medical treatment. Accordingly, the plaintiff's submitted letter does not prove that he exhausted his administrative remedies, and his complaint must be dismissed.

In light of this Court's holding, the plaintiff's motion for appointment of counsel is denied as moot.

IV. Conclusion

Because, after a de novo review, this Court concludes that the magistrate judge's report and recommendation is proper, and the plaintiff's objections lack merit, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. Accordingly, defendant Spencer and the Regional Jail mployees' motion to dismiss is GRANTED; defendant Janiszewski's motion to dismiss and alternative motion for summary judgment is GRANTED; and the complaint is DENIED WITHOUT PREJUDICE. Furthermore, the plaintiff's motion for appointment of counsel is DENIED AS MOOT. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se plaintiff by certified mail and to counsel of record herein.

DATED: April 9, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE